Filed 7/10/24  P. v. Viloria CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062883 |
| v. | (Super. Ct. No. C-74856) |
| JOSEPH VILORIA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Judge Michael A. Leversen.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Joseph Viloria filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] The trial court denied the petition at the prima facie hearing. Appointed counsel for Viloria filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requested this court conduct an independent review of the entire record. Viloria was given an opportunity to file a supplemental brief but did not do so.

Exercising our discretion under *Delgadillo*, we have examined the entire record and found no reasonably arguable issue. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1989, after a bench trial, the court found Viloria guilty of robbery (§ 211; count 1) and first degree murder (§ 187; count 2) and found true the felony-murder-robbery special-circumstance allegation (§190.2, subd. (a)(17)(i)). The trial court found "there was a robbery and property was taken from the victim before he died."

The court sentenced Viloria to life without the possibility of parole. On direct appeal to this court, the judgment was affirmed in an unpublished opinion. (*People v. Viloria* (May 13, 1991, G009259) [nonpub. opn.].)

In 2022, Viloria filed a petition for resentencing pursuant to section 1172.6.[2] The court appointed counsel to represent him. The

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) Although Viloria filed his petition after this renumbering, his petition references the former section 1170.95. We will treat the petition as a request pursuant to section 1172.6.

2

prosecution filed a response, arguing the petition should be denied because the record of conviction indisputably showed Viloria was not entitled to relief. Viloria's counsel filed a brief in support of the petition. Finding Viloria had failed to establish a prima facie case for relief, the court denied his resentencing petition in a written statement of decision.

Viloria filed a timely notice of appeal.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter and made other changes to the procedure in former section 1170.95. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, §§ 1, 2; Senate Bill 775.)

The process begins when a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Once a superior court receives the petition, it shall appoint counsel if requested by the petitioner. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (*Id.*,

3

subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid*.)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.) If the trial court denies the petition without issuing an order to show cause, it must state its reasons. (§ 1172.6, subd. (c).)

Here, the record of conviction established Viloria was charged with murder, robbery, and the felony-murder special circumstance. Following a bench trial in 1989, the trial court found Viloria guilty of murder and robbery. The felony-murder special circumstance was also found to be true. At the time of Viloria's trial, the felony-murder special circumstance required a finding Viloria was either the actual killer or if he was an aider and abettor, he had the intent to kill. (*People v. Anderson* (1987) 43 Cal.3d 1104, 1138–1139.)[3] Accordingly, because the record of conviction establishes Viloria was convicted of murder under a still valid theory, he is ineligible for relief as a matter of law.

After independently reviewing the entire appellate record, we find no arguable issue.

---

[3] In 1990, subsequent to Viloria's trial, Proposition 115 was approved and expanded the scope of section 190.2 by adding subdivisions (c) and (d). (*People v. Mil* (2012) 53 Cal.4th 400, 408–409).

4

## DISPOSITION

The postjudgment order denying the section 1172.6 resentencing petition is affirmed.

MOTOIKE, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.